Defendant Chester Udell, Sr., appeals the judgment of the Medina County Court of Common Pleas adjudicating him a sexual predator. Specifically, Defendant avers that the trial court relied upon unreliable hearsay, and that the State failed to establish the requisite elements to be adjudicated a sexual predator by clear and convincing evidence. This Court affirms the trial court's judgment.
On November 20, 1997, Defendant was indicted by the Medina County Grand Jury for two counts of rape, in violation of R.C.2907.02(A)(1)(c), and one count of sexual battery, in violation of R.C. 2907.03(A)(5). On May 12, 1998, Defendant entered a plea of guilty to the amended charge of attempted rape, in violation of R.C. 2907.02 and 2923.02, and the remaining charges were merged and dismissed. The matter was referred to the probation department for purposes of completing a presentence investigation report. Prior to sentencing, the trial court conducted a sexual predator hearing to determine Defendant's status as a sexual offender.
Dr. Suzanne LeSure, a psychologist at Cornerstone Psychological Services, testified at the sexual predator hearing regarding her treatment of Ms. Laura Lee Udell. Dr. LeSure indicated that Ms. Udell had a mental capacity equivalent to that of an eight year old child, and that she had physical handicaps which made her more vulnerable than the average person. At the time of the sexual predator hearing, Ms. Udell was thirty-seven years old. Dr. LeSure stated that during the course of her treatment, Ms. Udell told her that Defendant began sexually abusing her when she was between twelve and fifteen years old. This abuse continued over a period of years, culminating with Defendant's arrest and prosecution. Ms. Udell also informed Dr. LeSure that Defendant had told her she would get into trouble if she told anyone about Defendant's conduct. She indicated that the abuse included sexual intercourse, oral sex, and fondling, and that this activity occurred over her verbal protests. Dr. LeSure further testified that the family had experienced a history of domestic violence, and that Defendant had previously been convicted for that offense. Finally, Dr. LeSure acknowledged that she had not conducted an evaluation of Defendant, and that without information pertaining to his treatment she could not provide an opinion on Defendant's likelihood to reoffend.
The trial court also considered a presentence investigation report prepared by the Adult Probation Department for the Medina County Court of Common Pleas. That report indicated that Defendant was fifty-four years old when he was arrested for these crimes, and that he has prior criminal convictions for attempted domestic violence and resisting arrest. At the conclusion of the sexual predator hearing, the trial court determined that Defendant be adjudicated a sexual predator. It is from this judgment that Defendant now appeals.
First Assignment of Error
 The trial court erred in determining [Defendant] was a sexual predator by considering unreliable hearsay.
Defendant first avers that the trial court's consideration of Dr. LeSure's testimony was error because her testimony was unreliable hearsay. This contention is without merit.
Defendant acknowledges that the rules of evidence are not strictly adhered to in certain criminal proceedings pursuant to Evid.R. 101(C). Nonetheless, he argues that the testimony of Dr. LeSure was based upon unreliable hearsay, and, as such, should not have been considered by the trial court. In State v. Steckman
(Feb. 9, 1999), Lorain App. No. 97CA006996, unreported at 12, this Court specifically held that the Ohio Rules of Evidence are not strictly applicable to a defendant's classification hearing pursuant to State v. Cook (1998), 83 Ohio St.3d 404, 425, and Evid.R. 101(C)(3). Therefore, the trial court did not err by considering the testimony of Dr. LeSure. Defendant's first assignment of error is overruled.
Second Assignment of Error
 The trial court's decision in finding that [Defendant] is a sexual predator is against the manifest weight of the evidence, and was not supported by sufficient evidence to make a finding pursuant to the mandates of Ohio Revised Code 2950.09(B)(2) and did not meet the burden of clear and convincing evidence.
Defendant next asserts that there was insufficient evidence before the trial court to establish the requisite burden of proof to be adjudicated a sexual predator, and that such adjudication was against the manifest weight of the evidence. We disagree.
Pursuant to R.C. 2950.09(B), the trial court held a hearing to determine whether Defendant should be adjudicated a sexual predator. In making this determination, the judge must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). After hearing the evidence, and considering the relevant factors, the court found by clear and convincing evidence that Defendant is a sexual predator. "The standard of clear and convincing evidence requires a 'degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'"State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported at 3, quoting State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported at 4, quoting Cross v.Ledford (1954), 161 Ohio St. 469, 477. Clear and convincing evidence implies more than a preponderance, but not the degree of certainty needed to establish the proposition beyond a reasonable doubt. Cross, supra, at 477. In reviewing a trial court's decision based upon clear and convincing evidence, this Court must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Id. We find such evidence was present before the trial court.
The record indicates that several of the factors enumerated in R.C. 2950.09(B)(2) were established during the sexual predator hearing. Based upon Dr. LeSure's testimony that the victim in this case was between the age of twelve and fifteen when Defendant began sexually abusing her, Defendant would have been between twenty-nine and thirty-two years old when he undertook his torrid abuse of his own daughter. The record indicates that Defendant has previously been convicted of attempted domestic violence and resisting arrest, and that Ms. Udell was only a child when the abuse began. Defendant's sexual molestation of his mentally and physically handicapped daughter took place over a period of approximately twenty-five years indicating an extensive pattern of abuse. This abuse included the acts of sexual intercourse, oral sex, and physical fondling. The record also reflects that Defendant, as a parental figure, threatened the victim by informing her that she would get into trouble if she told anyone about Defendant's conduct. Also relevant to the trial court's determination was the victim's physical and mental handicaps that limited her to a mental capacity of an eight year old child.
Based upon Defendant's repeated sexual abuse of his mentally and physically handicapped daughter, over a course of many years, there was sufficient evidence before the trial court to establish by clear and convincing evidence that Defendant is likely to commit a sexually oriented offense in the future.
Defendant's second assignment of error also challenges the trial court's judgment as being against the manifest weight of the evidence. However, he fails to argue this issue before this Court. As such, this portion of his assignment of error may be disregarded. See App.R. 12(A)(2).
In view of the undisputed facts revealed during the sexual predator hearing, and Defendant's guilty plea to a sexually oriented offense in the instant case, this Court cannot disturb the trial court's finding that clear and convincing evidence supported its determination that Defendant is a sexual predator. Defendant's second assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas adjudicating him a sexual predator is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR